## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

DAVID WAYNE BEARDSLEY,

        **Plaintiff,**

v.                                     Case No. 04-3082-JWL

JAMES WATTS, et al.,

        **Defendants.**

### MEMORANDUM AND ORDER

This matter is presently before the court on defendant Bob Bartlett's motion for summary judgment. (Doc. # 25). For the reasons set forth below, defendant's motion for summary judgment is granted, and plaintiff's case is dismissed as to defendant Bartlett.

On October 28, 2004, defendant Bartlett filed a motion for summary judgement pursuant to Federal Rule of Civil Procedure 56 . Plaintiff did not file a response to defendant's motion for summary judgment within the time period provided in Local Rule 6.1(d)(2). Thus, the court could have considered and decided defendant's motion as an uncontested motion and could have granted the motion without further notice to plaintiff. *See* D. Kan. R. 7.4. Nonetheless, in an abundance of caution, the court issued an order directing plaintiff to show good cause in writing to the court, on or before Monday, February 7, 2005, why he failed to respond to defendant's motion for summary judgement in a timely fashion. The court further directed plaintiff to respond to defendant's motion for summary judgement on or before Monday, February 7, 2005. As of the date of this order, plaintiff has not filed a response to the show cause order and has not filed a response to defendant Bartlett's motion for summary judgment.

The court concludes that dismissal of plaintiff's complaint is appropriate on the grounds that plaintiff has not responded to the motion for summary judgment despite having ample opportunity to do so.   In so holding, the court specifically concludes that certain aggravating factors present in this case outweigh the judicial system's strong predisposition to resolve cases on their merits.   *See Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (prior to outright dismissal for failure to comply with local court rules, court must consider the degree of actual prejudice to the defendant; the amount of interference with the judicial process; and the culpability of the litigant).

Specifically, the court notes that plaintiff, as of the date of this order, has still not responded to defendant's motion for summary judgment nor has he contacted the court in any way regarding the motion.   Plaintiff's failure to respond to the motion in any way and his failure to contact the court in any way demonstrates that his culpability is quite high.   *Compare id.* (reversing district court's dismissal on uncontested motion where plaintiff mailed his response more than three days prior to the deadline, demonstrating "little or no culpability on his part in causing the delay") *and Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988) (plaintiff herself was not guilty of any dereliction where plaintiff's counsel overlooked motion and therefore failed to respond, resulting in delay of almost two weeks but, once discovered, responded promptly).   Moreover, in such circumstances, denying defendant's motion would prejudice defendant in terms of continued time spent and expenses incurred on a case in which the plaintiff has shown no interest even after ample notice from the court.   Similarly, denying defendant's motion would interfere with the judicial process in terms of docket

2

management and the need for a finality to litigation.  In other words, the court should not have to continue to manage this case on its docket when plaintiff himself has taken no initiative to keep the case on the court's docket.  *Compare Murray*, 132 F.3d at 611 (reversing district court's dismissal on uncontested motion where plaintiff's response to motion was received one day after the fifteen-day deadline and no prejudice to defendants could have resulted from this delay, nor could it have caused interference with the judicial process) *and Hancock*, 857 F.2d at 1396 (where plaintiff's counsel overlooked motion and therefore failed to respond, resulting in delay of almost two weeks but, once discovered, responded promptly, defendant would not have been prejudiced in any legal or equitable sense by court's consideration of response and any inconvenience to the court was not so severe a burden as to justify dismissal).

For the foregoing reasons, the court grants defendant Bartlett's motion for summary judgment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Bartlett's motion for summary judgment (Doc. # 25) is granted, and plaintiff's complaint is dismissed in its entirety as to this defendant.

**IT IS SO ORDERED.**

Dated this 9th day of February, 2005, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4